UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE RAFAEL URENA,                :
                                  :
       Petitioner,                :
                                  :       1:14-cv-130
       v.                         :
                                  :       Hon. John E. Jones III
WARDEN DAVID EBBERT,              :
                                  :
       Respondent.                :

## MEMORANDUM

### February 20, 2014

Jose Rafael Urena ("Petitioner" or "Urena") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). In the Petition, Urena challenges his conviction and sentence he received in the United States District Court for the Southern District of New York. (*Id.*).

For the reasons set forth herein, we will dismiss the Petition for lack of jurisdiction.

## II.    Factual Background[2]

Urena was convicted in the United States District Court for the Southern District of New York after a trial in which the jury found him guilty of conspiracy

---

[1] For purposes of clarity, when referring to the Petition (Doc. 1), the Court will use the document and page numbers provided by CM/ECF.

[2] Some of the procedural history is taken from dockets of the United States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit, of which this Court takes judicial notice.

to commit robberies of drug dealers, robbery, and conspiracy to distribute five kilograms and more of cocaine. (*USA v. Urena,* 1:05-cr-00760-04, Doc. 182 "Judgment" (S.D.N.Y)). The District Court denied Urena's motions for a new trial or a judgment of acquittal. *USA v. Urena,* 2012 U.S. Dist. LEXIS 133289, *1 (S.D.N.Y. 20012). Urena received a sentence of 162 months imprisonment on the three counts, with all to run concurrently. (*Id.*). The United States Court of Appeals for the Second Circuit affirmed Urena's conviction and sentence. *USA v. Urena,* 393 Fed. Appx. 801 (2d Cir. 2010) (summary order).

On March 5, 2012, Urena filed a Motion to Vacate under 28 U.S.C. § 2255 in the Southern District of New York. (*Urena v. USA,* 1:12-cv-1608, Doc. 1 "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (S.D.N.Y.)). In a Memorandum and Order dated September 13, 2012, the District Court denied Urena's § 2255 motion. (*Id.* at Doc. 11 "Memorandum and Order"; *see also* Doc. 12 "Clerk's Judgment"). On May 21, 2013, the Second Circuit denied Urena's appeal of the District Court's denial of his § 2255 motion. (*Id.* at Doc. 15 "Mandate of USCA").

On October 9, 2013, Urena filed a Motion for Relief from a Final Judgment or Order Under Rule 60(b)(3) & (6) and 60(d)(1) in the Southern District of New York. (*USA v. Urena,* 1:05-cr-00760-04, Doc. 213). On October 30, 2013, the District Court issued an order construing this motion as a second or successive

motion made pursuant to 28 U.S.C. § 2255. (*Id.* at Doc. 214 "Order"). The District Court also directed Urena to inform the Court within sixty (60) days if he did not wish to pursue this motion as one made pursuant to § 2255. (*Id.*). On November 14, 2013, Urena filed his motion as one under 28 U.S.C. § 2255. (*Id.* at Doc. 215 "Motion to Vacate Under § 2255"). By Order dated November 26, 2013, the District Court transferred Urena's second or successive § 2255 motion to the Second Circuit citing 28 U.S.C. § 1631 and *Liriano v. United States,* 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). (*Id.* at Doc. 216 "Order"). On January 28, 2014, the Second Circuit issued an Order notifying Urena that his Petition would be denied effective February 18, 2014 if he failed to file his application to file a second or successive motion or petition for writ of habeas with the Second Circuit.[3] (*Urena v. USA,* 13-4511, Doc. 6 "Order" (2d Cir.)).

On January 24, 2014, Urena filed his current Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court. (Doc. 1).

### III. Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See,*

---

[3] A review of the Second Circuit's Docket Sheet shows that nothing has been filed in Urena's case since the Second Circuit's Order dated January 28, 2013. (*See Urena v. USA,* 13-4511 (2d Cir.)).

*e.g., Patton v. Fenton*, 491 F.Supp. 156, 158–59 (M.D.Pa.1979).  Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970), *cert. denied*, 400 U.S. 906 (1970).  The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

Motions filed pursuant to 28 U.S.C. § 2255 are the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws, or that is otherwise subject to collateral attack.  *Davis v. United States*, 417 U.S. 333, 343 (1974): *United States ex rel. Leguillou v. Davis*, 212 F .2d 681, 693 (3d Cir.1954).  Habeas relief under 28 U.S.C. § 2241 is only available to a petitioner if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U .S.C. § 2255(e); *see also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir.2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (*citing In re Dorsainvil*, 119 F.3d at 251) (emphasis added).

Applying the foregoing principles here, we find that Urena is clearly challenging the conviction and sentence he received from the Southern District of New York. As such, the Petition should be brought pursuant to § 2255, not § 2241.

Urena claims he should be able to pursue his Petition under § 2241, arguing that a § 2255 motion is inadequate and ineffective. (*See* Doc. 1). Specifically, Urena argues,

> Under the "savings clause" of Section 2255, [Urena] seeks collateral relief under Section 2241 and thereby avoid Section 2255's restrictions on successive motions when his Section 2255 remedy is "inadequate and ineffective to test the legality of his detention and when a fundamental defect in sentencing occurred and [Urena] had not had an opportunity to obtain judicial correction of that defect earlier.

5

> Second, [Urena's] § 2255 inadequate or ineffective and § 2241 petition is allowable when Supreme Court decision in Alleyne[4] rendered sentencing entrapment is jury question issued after his initial § 2255 motion filed and his direct appeal was concluded. Several circuits have held that: § 2255 is "inadequate or ineffective" when its limitations on second or successive motions preclude a prisoner from challenging a sentence imposed for good conduct rendered non-criminal by a Supreme Court decision after the prisoner's initial § 2255 motion.
>
> Third, [Urena's] § 2255 is "<u>inadequate or ineffective</u>" where he was sentenced under settled law and substantive law changed after his direct appeal and first § 2255 motion filed, so conduct for which he was convicted and sentenced deemed not criminal, and he could not satisfy gatekeeping provision of § 2255 because new rule not constitutional law.
>
> Fourth, under the "<u>Saving Clause</u>" which applied to his inadequate or ineffective § 2255 motion when a "<u>Fundamental Defect in Sentencing</u>" occurred and [Urena] had not had an opportunity to obtain judicial correction of that defect earlier because the U.S. Supreme Court in "<u>Alleyne</u>" just issued after his initial § 2255 motion filed and direct appeal was concluded or exhausted.

(sic) (*Id.* at p. 13-14).

Despite his arguments to the contrary, Urena has not demonstrated that the remedy provided under § 2255 would be inadequate or ineffective to test the legality of his detention. As recently explained by the United States Court of Appeals for the Third Circuit, *Alleyne v. United States,* __ U.S. __, 133 S. Ct. 2151 (2013),

> is essentially an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000): in *Apprendi,* the Court held that under the Fifth and Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty

---

[4] *Alleyne v. United States,* __ U.S. __, 133 S. Ct. 2151 (2013).

for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi,* 530 U.S. at 490, and in *Alleyne,* the Court held that the same rule applies also to "facts that increase mandatory minimum sentences," *Alleyne,* 133 S. Ct. at 2163. [footnote omitted].  We have held that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument," *Okereke,* 307 F.3d [117, 121 (3d Cir. 2002)], and there is no basis to treat claims brought under *Alleyne* differently.

*Sacksith v. Warden Canaan USP,* 2014 U.S. App. LEXIS 1550, *4 (3d Cir. 2014) (*per curiam*) (*non precedential*) (holding that the District Court did not err in dismissing petitioner's § 2241 petition).  As such, Urena cannot use *Alleyene* to show that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  *See id.; see also* 28 U .S.C. § 2255(e).  Additionally, Urena's claims do not fall within the narrow exceptions outlined in *Dorsainvil*, within which § 2241 relief would be available.  Despite his broad claim to the contrary, Urena has failed to show an intervening change in substantive law has made the conduct for which he was convicted no longer criminal.  *See In re Dorsainvil,* 119 F.3d at 251.

Accordingly, the Petition for Writ of Habeas Corpus will be dismissed for lack of jurisdiction.  An appropriate Order follows.